**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos RAMIREZ–SANTANA,**
**Defendant–Appellant.**

No. 04–40315.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

James Lee Turner, Kathlyn Giannaula Snyder, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of Juan Carlos Ramirez–Samtana ("Ramirez"), *United States v. Santana,* 115 Fed.Appx. 235 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *de la Cruz–Gonzales v. United States,* — U.S. ——, 125 S.Ct. 1995, — L.Ed.2d —— (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Ramirez argues that sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in *Booker* constituted reversible plain error. However, to meet the third prong of the plain error analysis and show that the error affected his substantial rights, Ramirez bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings." *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Ramirez concedes that he cannot carry his burden, and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our review of the sentencing transcript reveals that he has not carried his burden. Nothing in the record indicates that the sentencing judge would have given a lower sentence if he had treated the Guidelines as advisory rather than mandatory. *See United States v. Mares,* 402 F.3d 511, 521–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Ramirez's conviction and sentence.

AFFIRMED.